811 P.2d 1313

Ruth K. FUYAT, Claimant–Appellee/Cross–Appellant,

v.

LOS ALAMOS NATIONAL LABORATORY, and Employers Insurance of Wausau, Respondents–Appellants/Cross–Appellees.

No. 11992.

Court of Appeals of New Mexico.

April 25, 1991.

Houston Lee Morrow, Santa Fe, for claimant-appellee/cross-appellant.

William P. Slattery, Campbell & Black, P.A., Santa Fe, for respondents-appellants/cross-appellees.

OPINION

ALARID, Chief Judge.

Los Alamos National Laboratory (employer, lab) appeals a disposition order from the Workers' Compensation Administration awarding permanent partial disability benefits and attorney fees to claimant. Employer raises five issues on appeal: 1) whether the workers' compensation judge's (judge) determination that claimant's disability was causally related to an accidental injury is supported by substantial evidence; 2) whether the determination that claimant has a 50% permanent partial disability is supported by substantial evidence; 3) whether the judge erred in failing to identify a specific injury pursuant to which claimant is disabled; 4) whether the testimony of Dr. Krohn and Dr. Johnson was inadmissible and, therefore, could not be used to support the determination regarding causation; and 5) whether the judge erred in awarding attorney fees equal to 63% of the award. Claimant cross-appeals, raising three issues: 1) whether the judge should have found that she was totally permanently disabled; 2) whether the judge erred in awarding employer a setoff for benefits already paid to her; and 3) whether the judge erred in failing to award vocational rehabilitation benefits. We reverse the setoff for benefits paid to claimant and affirm the remainder of the disposition order.

Claimant worked as a chemist at the lab. In July of 1985, while at work, she was exposed to a cloud of aqua regia fumes. She experienced some adverse reactions but returned to her work. In September of that year, while cleaning some lab equipment with acetone, claimant suffered severe reactions, faintness and facial pain. Claimant sought treatment from the lab physicians. She was initially diagnosed by Dr. Honsinger, an allergist, as suffering from trigeminal neuralgia. Claimant was then examined by Dr. Naranyan, a neurosurgeon, who also diagnosed a facial neuralgia. He opined that the neuralgia was caused by the chemical exposure. He prescribed a treatment for neuralgia, from which claimant got no relief. A medical leave was authorized and claimant was advised to consult an allergist regarding her chemical sensitivity, which seemed to be causing the neuralgia.

Claimant remained out of work until August of 1986. During that time she sought treatment from Dr. Krohn, a pediatrician who claims a specialty in clinical ecology. Dr. Krohn diagnosed chemical sensitivities causing the symptoms and recommended treatment with vitamins to detoxify claimant. When claimant returned to work, the lab sought to accommodate her reactions by assigning her to work away from chemicals. After a few weeks, claimant continued to feel weakness and facial pain. Again claimant stayed out of work until October of 1987, when she was again assigned to work away from chemicals. Claimant continued to suffer allergic reactions to smells in her workplace. Claimant continued to be treated by Dr. Krohn, who had now diagnosed multiple chemical sensitivities and was assisting claimant in removing those chemicals from her environment. Finally in May of 1988, claimant was fired because she was unable to work.

Claimant filed a claim for disability benefits on the basis of multiple chemical sensitivities she claimed were precipitated by her exposure to the aqua regia fumes. After a hearing on the merits, the judge rejected the diagnosis of multiple chemical sensitivities but did find that claimant suffered an accidental injury while at work which caused her to be permanently disabled. Claimant was awarded 50% permanent partial disability benefits and attorney fees in the amount of $30,000.

## CAUSATION AND TESTIMONY OF DRS. KROHN AND JOHNSON

If the employer maintains that the claimant's disability is not causally related to her

employment, the claimant must prove, to a medical probability, that her disability is connected to her injury and that the injury is connected to the accident. *See* NMSA 1978, § 52–1–28 (Repl.Pamp.1987). This causal connection must be proved by expert medical testimony. *Id.* Here the employer argues that there was insufficient expert testimony to prove causation to a medical probability.

In reviewing for sufficiency of the evidence, we consider the record as a whole. *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct.App.1988). We review all of the evidence bearing on a finding, favorable and unfavorable, in order to determine if there is substantial evidence to support the result. *Id.* at 128, 767 P.2d at 367. We must decide whether there is evidence for a reasonable mind to accept as adequate to support the conclusion reached. *Id.* The question is not whether there is evidence to support an opposite result, but whether there is evidence to support the result reached. *Bowles v. Los Lunas Schools*, 109 N.M. 100, 104, 781 P.2d 1178, 1182 (Ct.App.1989).

■ Employer first argues that the judge failed to specify an injury pursuant to which claimant is disabled. We cannot agree. Findings are to be liberally construed to support the judgment, and the findings are sufficient if a fair consideration of all of them taken together justifies the judgment. *Montney v. State ex rel. State Highway Dep't*, 108 N.M. 326, 772 P.2d 360 (Ct.App.1989). Furthermore, the finder of fact is required to make only such ultimate findings of fact as are necessary to support its decision. *Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). The judge found that claimant suffered an accidental injury while at work and that the disability resulted from the accident to a medical probability. Employer appears to be arguing that the judge erred in failing to make an evidentiary finding regarding the specific injury. Such a finding is not required. *See id.* Nevertheless, the findings show that the judge specifically rejected multiple chemical sensitivities as a diagnosis. Other findings focus on the testimony regarding trigeminal neuralgia. Our construction of the findings supports the conclusion that the judge considered the trigeminal neuralgia suffered by claimant to be the injury.

■ Since the judge specifically rejected the diagnosis of multiple chemical sensitivities and focused on the specific neuralgia suffered by claimant, the issue is whether there is sufficient evidence to connect the trigeminal neuralgia with the exposure to chemicals. In this case, claimant has been examined by a number of doctors since the onset of her symptoms. Some of the doctors have opined that her symptoms, including trigeminal neuralgia, were triggered by her exposure to chemicals at work. Others have stated that claimant's symptoms are in no way related to any exposure to chemicals at the lab. Others have testified that claimant does not suffer from trigeminal neuralgia at all. It was for the judge to consider the testimony and determine where the truth lies. *Tallman v. ABF*. Having reviewed the testimony of the many doctors, who either treated claimant or reviewed her file in consultation, we find that there was sufficient evidence to support the judge's determination that claimant's trigeminal neuralgia was caused by her exposure to chemicals at work.

■ Employer urges us to find that the judge improperly admitted and considered the testimony of Drs. Krohn and Johnson. Employer then argues that, if their testimony is not considered, there is insufficient evidence to support the finding of causation. However, even if their testimony is not considered, the evidence to support causation is sufficient.

We find that the judge properly admitted the testimony of Drs. Krohn and Johnson. Employer objected to their testimony on the basis that their opinions were based on novel scientific techniques that had not

gained general acceptance. *See Frye v. United States,* 293 F. 1013 (D.C.Cir.1923). We do not believe that the testimony of these two doctors is such that it must meet the requirements of *Frye.*

Both doctors are licensed physicians who stated that they specialized in clinical ecology, or environmental medicine. This is not a specialty recognized by the American Medical Association, although a growing number of health organizations appear to accept the approach. Doctors in this field are concerned with patients who report multiple symptoms induced by exposure to synthetic chemicals in the atmosphere and in foods. *See* Abba I. Terr, M.D., *Environmental Illness, A Clinical Review of 50 Cases,* 146 Arch.Intern.Med. 145 (Jan.1986); Task Force on Clinical Ecology, California Medical Association Board, *Clinical Ecology—A Critical Appraisal,* 144 W. J. Med. 239 (Feb.1986). Employer argues that because the specialty is not recognized by the AMA, these doctors should not have been allowed to testify.

The problem with this argument is that, when an expert is properly qualified and the evidence would assist the trier of fact, the evidence is admissible. SCRA 1986, 11–702; *State v. Chavez,* 100 N.M. 730, 676 P.2d 257 (Ct.App.1983). Here both doctors were licensed physicians who had examined and treated claimant. They both had experience with patients suffering from the types of symptoms claimed by claimant. Therefore, they were qualified to give an opinion about claimant's symptoms. *See Sewell v. Wilson,* 97 N.M. 523, 641 P.2d 1070 (Ct.App.1982). Whether or not they were specialists recognized by the AMA does not go to the admissibility of their testimony. *See Frederick v. Younger Van Lines,* 74 N.M. 320, 393 P.2d 438 (1964); *Sewell v. Wilson.* In fact, employer did not contest the qualifications of these two doctors. The objections raised by employer go to the weight to be given these doctors' testimony.

■ The judge correctly admitted the testimony since he found that the doctors were qualified physicians. It was then up to the judge to decide whether or not to accept their diagnoses. After considering all the evidence presented, the judge determined that the diagnosis of multiple chemical sensitivities was not a valid diagnosis. This finding is supported by substantial evidence on the record. However, simply because the judge did not accept this diagnosis does not mean that he rejected all the testimony of these two doctors. A finder of fact can accept some and reject some of the evidence presented. *Sanchez v. Molycorp, Inc.,* 103 N.M. 148, 703 P.2d 925 (Ct.App.1985). Therefore, some of the evidence presented by Drs. Krohn and Johnson could be used to support the finding that the exposure to aqua regia fumes caused claimant's disability. There is sufficient evidence on the record as a whole for a reasonable mind to conclude that the chemical exposure caused claimant's disability. *See Tallman v. ABF.*

## DISABILITY

■ Employer argues there was insufficient evidence to support a finding of permanent partial disability and claimant argues that the evidence supports a finding of total disability. In order to be disabled, the claimant must be totally or partially unable to perform the work she was doing at the time of the injury, and she must be wholly or partially unable to perform any work for which she is fitted. *Schober v. Mountain Bell Telephone,* 96 N.M. 376, 381, 630 P.2d 1231, 1236 (Ct.App.1980).

■ Initially, employer argues that there is no expert evidence that claimant's disability is permanent. Expert testimony is not required to support a finding of disability. *See Smith v. City of Albuquerque,* 105 N.M. 125, 729 P.2d 1379 (Ct.App.1986). Claimant testified that whenever she was exposed to certain chemicals, she experienced facial pain. Both Drs. Krohn and Johnson testified that claimant still experienced facial pain when she was exposed to certain chemicals. Where the evidence

shows that the worker remains susceptible to an allergic reaction, the disability is permanent. *Schober v. Mountain Bell.*

■ There is no question here that claimant can no longer work as a chemist. Employer argues, however, that there are a number of other jobs for which claimant is trained and has experience that would not necessitate that she work with chemicals. While it is true that there was evidence to this effect, there was also evidence that claimant was a trained chemist and had spent most of her adult life working as a chemist. Since she could not do work for which she was specially trained, there was evidence to support disability. *See Schober v. Mountain Bell.* Since she could do some work within her training and experience, she was only partially disabled.

Claimant argues that the evidence supports only a finding of total disability. She argues that the evidence shows that she cannot work in any but a completely sterile environment. This argument, however, is based on a diagnosis of multiple chemical sensitivities, a diagnosis that the judge specifically rejected. There was evidence that claimant's symptoms were precipitated by exposure to chemicals and, therefore, she could not work as a chemist. However, there was evidence of availability of other jobs that she can do. Since there was evidence of other jobs that she can do, claimant is not totally disabled. *See Medina v. Zia Co.*, 88 N.M. 615, 544 P.2d 1180 (Ct.App.1975). The evidence supports a finding of 50% permanent partial disability.

## OFFSET

■ Claimant argues that the judge erred in awarding employer an offset for benefits already paid to claimant. We agree. For a period from April 1986 to October 1987, when claimant remained out of work, employer paid total disability benefits. The judge found that claimant was permanently partially disabled to 50% from May of 1988, when she was finally fired for cause. Employer claimed that it was entitled to an offset for the total disability benefits it paid from April 1986 to October 1987. The judge's amended finding allowing for the offset is unsupported by the evidence and inconsistent with his finding of partial disability from May of 1988. Therefore, the offset must be reversed. *See Roybal v. Chavez Concrete & Excavating Contractors, Inc.*, 102 N.M. 428, 696 P.2d 1021 (Ct.App.1985) (a judgment cannot be sustained on appeal unless the conclusion on which it is based finds support on one or more findings of fact).

## VOCATIONAL REHABILITATION

■ Claimant argues that she was entitled to vocational rehabilitation benefits. A claimant is entitled to vocational rehabilitation benefits as may be necessary to restore her to suitable employment where she is unable to return to her former job. NMSA 1978, § 52–1–50 (Cum.Supp.1985). An injured worker is entitled to rehabilitation benefits only if necessary to restore her to suitable employment. The worker is not entitled to benefits merely because she cannot return to her former job. *Nichols v. Teledyne Economic Dev. Co.*, 103 N.M. 393, 707 P.2d 1203 (Ct.App.1985).

In this case, it is undisputed that claimant cannot return to her former job as a chemist, since chemicals trigger her symptoms. However, there are other jobs, such as teacher and retail clerk, with which she has experience. Those jobs would be suitable since she would not be exposed to the chemicals that trigger her symptoms. Since there is suitable work for which claimant was already qualified or trained, the judge did not err in refusing to award vocational rehabilitation benefits. *See Nichols v. Teledyne.*

## ATTORNEY FEES

■ Employer argues that the judge erred in awarding attorney fees that amounted to 63% of claimant's benefits award. In considering the propriety of an award of attorney fees, we must determine whether there is evidentiary support for the award. *See Woodson v. Phillips Pe-*

*troleum Co.,* 102 N.M. 333, 695 P.2d 483 (1985). Here the record reflects that the statutory factors, NMSA 1978, Section 52–1–54 (Cum.Supp.1985), and those factors set out in *Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979), were considered. The percentage of the award is not the single most determinative factor in deciding the propriety of the award. *See Candelaria v. General Elec. Co.,* 105 N.M. 167, 730 P.2d 470 (Ct.App.1986). This was a case involving complex medical issues, requiring the depositions of fourteen attending physicians. All issues were hotly contested, including causation and the degree of disability. The present value of claimant's award was $61,392. Claimant's attorney expended 395.9 hours on the action, with his normal hourly rate at $95. No written offers of settlement were made by employer before or after the informal and formal hearings. Prior to either party retaining counsel, employer offered $50,000 to claimant to settle her claim, which offer was withdrawn at the informal hearing. Claimant was partially successful in her claim.

There were sufficient findings made to support the award of $30,000 in attorney fees. *Cf. Board of Educ. of Espanola Mun. Schools v. Quintana,* 102 N.M. 433, 697 P.2d 116 (1985) (to be upheld, a fee outside the parameter of what is generally permissible must be supported by an analysis of the statutory and *Fryar* factors).

The offset against benefits already paid is reversed. The remainder of the disposition order is affirmed. This case is remanded for removal of the finding of offset and for entry of a new order consistent with this opinion.

Claimant has requested attorney fees on appeal. We award attorney fees to claimant in the amount of $3,000.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.